**UNITED STATES DISTRICT COURT
EASTERN DIVISION
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SEAMUS M. FINUCANE<br>3839 Woodberry Drive<br>Medina, OH  44256<br><br>*Plaintiff*<br><br>-against-<br><br>DANIEL McCLINTIC, individually and<br>as an employee of the North Royalton<br>Police Department<br>14000 Bennett Road<br>North Royalton, OH  44133<br><br>and<br><br>JOHN DOE, individually and as an<br>Employee of the North Royalton<br>Police Department<br>1400 Bennett Road<br>North Royalton, OH  44133<br><br>and<br><br>KENNETH BILINOVICH, individually<br>and as Chief of Police, North Royalton<br>Police Department<br>1400 Bennett Road<br>North Royalton, OH  44133<br><br>and<br><br>CITY OF NORTH ROYALTON<br>14600 State Road<br>North Royalton, OH  44133 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO.**<br><br><br><br>**COMPLAINT** |

     *Defendants*    )
                 )
                 )

## **INTRODUCTORY STATEMENT**

1. This is an action for damages sustained by a citizen of the United States against police officers of the North Royalton Police Department, who unlawfully arrested and falsely imprisoned the Plaintiff, unlawfully seized his property and subjected that property to an unlawful search.

2. The action is against the Police Chief as the supervisory officer responsible for the conduct of the Defendants and for the Chief's failure to take corrective action with respect to police personnel whose propensities to violate the constitutional rights of citizens were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of North Royalton as the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

## **JURISDICTION**

3. This action is brought pursuant to 42 U.S.C.§ 1983 and sequential sections, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and 28 U.S.C. §§, 1343(a)(3),(4).

5. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S. C. § 1367.

## **PARTIES**

6. Plaintiff is a resident of the City of Medina, Ohio and at all times relevant to the allegations of this complaint was a citizen of the United States, and a resident of Medina County, State of Ohio.

7. At all times relevant to this action, Defendant Daniel McClintic, was a police officer employed by the North Royalton Police Department to perform duties in the City of North Royalton.

8. At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant North Royalton.

9. At all times relevant to this action, Defendant John Doe was a police officer employed by the North Royalton Police Department to perform duties in the City of North Royalton.

10. At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant City of North Royalton

11. At all times relevant to this action, Defendant Kenneth Bilinovich was the duly appointed Chief of the North Royalton Police Department. In this capacity, the Chief of the North Royalton Police Department was:

    A) The commanding officer of Defendants Daniel McClintic and John Doe and was responsible for their training, supervision, and conduct.

    B) Responsible by law for enforcing the regulations of the North Royalton Police Department and for ensuring that North Royalton Police personnel obey the laws of the State of Ohio and of the United States.

  C) Acting as the agent, servant, and employee of the Defendant City of North Royalton.  This Defendant is sued individually and in his official capacity.

12. The Defendant City of North Royalton is a municipal corporation within the State of Ohio and, at all relevant times, it employed the other Defendants in this action.

13. At all relevant times and in all their actions, the Defendants were acting under color of law and pursuant to their authority as police personnel.

## **FACTUAL ALLEGATIONS**

14. On or about February 7, 2019, the Plaintiff Seamus Finucane was involved in a minor motor vehicle accident.

15. Plaintiff removed his vehicle off the roadway and parked it in a nearby commercial lot and travelled back to the accident scene on foot.  This was at approximately 1:00 p.m. in the afternoon.

16. When Plaintiff arrived at the accident scene an Officer of the North Royalton Police Department was present.  The accident occurred almost in front of the North Royalton Police Department.

17. Defendant, Officer Daniel McClintic, requested that Plaintiff provide a statement and Plaintiff said he wished to speak with his lawyer first before making a statement.

18. Defendant, Office Daniel McClintic, then requested that Plaintiff allow a search of his vehicle which Plaintiff refused until he spoke with his lawyer first.

19. Defendant, Officer Daniel McClintic, then illegally arrested the Plaintiff for a claimed violation of obstruction under NRCO code 606.14.

20. Defendant, Officer Daniel McClintic, then directed, supervised and/or searched and then seized the Plaintiff's vehicle while parked in a commercial lot and then impounded Plaintiff's vehicle.

21. Defendant, Officer Daniel McClintic, then jailed and held Plaintiff against his will having been handcuffed and transported to the North Royalton Police Department in the view of members of the public greatly humiliating Plaintiff and causing severe emotional distress.

22. Defendant, Officer Daniel McClintic, waited until March 22, 2019, more than one (1) month post-accident and arrest to serve the Plaintiff with charges of disobeying a traffic control device ( a minor misdemeanor) and Obstruction (NRCO code 606.14)

23. As a result of the conduct described above, Plaintiff experienced humiliation, emotional distress, pain and suffering, incurred towing and impound expenses, along with legal expenses and was otherwise damaged.

24. The arrest, imprisonment, search and seizure subsequent was unconstitutional and unreasonable under the circumstances.

25. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the North Royalton Police Department, which was known to and ratified by Defendant Chief of Police and City North Royalton.

26. Despite knowledge of these institutionalized practices, the Defendant Chief of Police and City of North Royalton has at no time taken any effective action to prevent police personnel from continuing to engage in this type of misconduct.

27. Defendant Chief of Police and City of North Royalton had prior notice of the propensities of Defendant Daniel McClintic and John Doe to violate the constitutional

rights of citizens but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

28. The failure of Defendant Chief of Police and City of North Royalton to properly train Defendant Daniel McClintic and John Doe included the failure to instruct them in applicable provisions of the State Penal Law of the State of Ohio and the proper and prudent use of arrest and seizure powers.

29. Defendant Chief of Police and City of North Royalton authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

   A) Failing to properly discipline, restrict, and control employees, including Defendants Daniel McClintic and John Doe known to be irresponsible in their dealings with citizens of the community;

   B) Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendants Daniel McClintic and John Doe;

   C) Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

29. The conduct of Defendant Chief of Police and City of North Royalton also constitutes gross negligence under state law.

30. As a consequence of the abuse of authority detailed above, Plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

31. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant City of North Royalton, sued as a person and responsible because of its authorization, condonation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

    A) Fourth Amendment right to be free from unlawful seizure of [his *or* her] person and property.

## STATE LAW THEORIES OF RECOVERY

32. The acts and conduct alleged above constitute actionable torts under the laws of the State of, including the torts of:

    A) False arrest, wrongful imprisonment, abuse of process, wrongful taking,

    B) Negligence, and

    C) Gross negligence.

## PRAYER

Plaintiff demands the following relief:

    A. Compensatory damages in excess of $75,000

    B. Punitive damages in excess of $75,000.

    C. Attorney's fees pursuant to   42 U.S.C. §1988.

    D. An award of Plaintiff's costs of suit.

    E. All other relief that is appropriate under the circumstances.

    Respectfully submitted,

***SLATER & ZURZ, LLP***

/s/ *Martin S. Delahunty, III*
MARTIN S. DELAHUNTY, III (0039014)
*Attorney for Plaintiff*
One Cascade Plaza, Suite 2210
Akron, Ohio 44308-1135
(330) 762-0700
(330) 762-3923 fax
Email:  mdelahunty@slaterzurz.com